## HIGGINBOTHAM v. HAMLIN.

Circuit Court, Pinellas County.

April 7, 1955.

Kickliter & Sidwell, Tampa, for plaintiff.

William M. MacKenzie, Clearwater, for defendant.

ORVIL L. DAYTON, Jr., Circuit Judge.

Plaintiff sued defendant alleging that defendant leased three tracts of land to her for 20 years, with option to renew or purchase, that she agreed in the lease to build a drive-in theatre on the land, that she built the theatre and operated it for two years, but that when she sought to pledge the lease as security for a loan to pay for the installation of cinemascope equipment the Guarantee Abstract Co. issued a title commitment on the property stating that in its opinion defendant did not have title to one of the three tracts.

. It is stated in paragraph 15 of the lease—"The lessor hereby covenants with the lessee that in the event of her eviction by reason of lessor's defective title, or in the event of her constructive eviction by reason thereof, in such event her damages as above described shall constitute a lien against the right, title, and interest of the lessor in the above demised premises . . . ." In paragraph 16 it is stated—"It is understood and agreed that all of the demised real estate is essential to that purpose (viz, use of premises as a drive-in theater) and that failure of lessor's title thereto and lessee's eviction from any part of said premises will be fatal to lessee's project. In consideration thereof, lessor hereby covenants that he will save lessee harmless from any loss by reason of any suit involving lessor's right, title or interest in said demised lands, and will indemnify lessee against any loss by reason thereof." Paragraph 17 states—"In the event of lessee's eviction from said premises during the term of this lease, whether such eviction shall be actual or constructive, unless such eviction is occasioned by the breach of the terms of this lease by the lessee, it is covenanted and agreed that . . . ."

Defendant filed a motion to dismiss the complaint, alleging it does not state a cause of action upon which relief can be granted.

Because the question involved appears to be one of first impression in Florida and because the crowded condition of the court's calendar did not permit time for adequate oral argument, the court took the matter under advisement, requested counsel to submit briefs in support of their arguments. The court is indebted to counsel for their excellent briefs, indicating exhaustive research of the authorities.

The defendant contends—(1) No superior hostile title of another has been asserted against plaintiff, (2) Plaintiff does not allege the surrender of possession of the premises pursuant to actual or constructive eviction, and (3) Plaintiff as lessee in undisturbed possession of the premises is estopped to deny the title of her landlord.

The plaintiff contends—(1) A covenant of title or power to demise should be implied by the court where the lease contains no such covenants, (2) Actual eviction by a third person who asserts a paramount title is not required in order for plaintiff to maintain this action, and (3) this being an action for damages for breach of covenant possession is not involved and defendant's title or lack of title is an issue, and plaintiff is not estopped to deny that defendant has good title.

The principal question for determination by the court appears to be—Does the opinion of a title company showing record title to one of the three tracts to be in another than defendant, and the inability of plaintiff to pledge the lease as security for a loan occasioned thereby, constitute a constructive eviction of plaintiff from the leased premises?

It is noted that the lease does not contain a covenant of title. Plaintiff contends that the law under such circumstances will imply a covenant of good title. The express covenant of the lease is one for quiet enjoyment, and the lease speaks of plaintiff's— "eviction by reason of lessor's defective title, or in the event of her constructive eviction . . . ."

The covenant of peaceable enjoyment extends only to possession and not to title. The lessee under such lease agreement must show that her possession has been disturbed in order to maintain a cause of action. The second covenant in the lease provides that lessor shall save lessee harmless from any loss by reason of any suit involving lessor's title and indemnify lessee against any loss by reason thereof.

It therefore appears to this court that the construction sought to be placed on the terms of the lease agreement by plaintiff, i.e., that she was constructively evicted from the premises by being deprived of her beneficial enjoyment thereof because of defendant's alleged lack of title to the third tract, is unsound because of the falsity of its major premise. It assumes that the opinion rendered by the title company takes the place of "any suit" involving defendant's title to the leased premises. It assumes the correctness of the opinion as to title, and seeks to hold defendant liable for damages without giving him an opportunity to have his day in court to prove any title which he may have to the land or other defenses to such claim.

From a careful examination of the lease in its entirety, it does not appear that plaintiff's alleged inability to borrow money with the lease as security for an expanded operation, by reason of an adverse opinion by a title company as to defendant's title to one of the three tracts, is such an "eviction" as is contemplated by the terms and conditions thereof.

The motion to dismiss is granted, an appropriate order may be prepared from this opinion.